IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EVERICK MONK | § | |
| v. | § | CIVIL ACTION NO. 5:22cv98 |
| OFFICER MASSEY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Everick Monk filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Amended Complaint**

Plaintiff's amended complaint (Dkt. No. 14) is the operative pleading in the lawsuit. Plaintiff states that early in the morning on May 9, 2022, while in A Pod, he heard Officer Massey tell an inmate named Steve Burton, whom Plaintiff identifies as "a white gang member," that Plaintiff was in jail on child molestation charges. Other gang members were told of this as well, although Plaintiff does not make clear if it was Massey or Burton who told the other gang members.

Plaintiff says that "before you know it," the gang members were around his bed. When Plaintiff got up, they confronted him. He denied that he was charged with child molestation, but they attacked and beat him.

On June 6, 2022, Plaintiff states that at court, Burton aggressively approached him and asked if Plaintiff had a problem with him. Plaintiff states that he picked up a chair to hit Burton but then security came up. He says that the court date was supposedly rescheduled but his is still not showing.

1

Plaintiff's first exhibit (Dkt. No. 14-1, p. 1) is a grievance dated July 31, 2022, asking about the results of the investigation. The response states "This report was turned over to CID. I only took the report." His second exhibit (Dkt. No. 14-1, p. 2) is a grievance dated August 28, 2022, complaining that his earlier grievance did not receive a response. The response to this grievance says "statement about grievance complaint has already been answered verbally and formally. Grievance has already been answered in Step 2." Plaintiff's next grievance (Dkt. No. 14-1, p. 3) again asks about the results of an investigation. This grievance form does not bear a response.

An inmate request form dated August 7, 2022, addressed to Lt. Bennett (Dkt. No. 14-1, p. 4) asks for the result of the investigation. This form does not bear a response. A letter to Plaintiff from Sheriff Neal dated July 21, 2022 (Dkt. No. 14-1, p. 5) informed him that sending a grievance form directly to the Sheriff is not consistent with the grievance plan and that he should follow the proper procedures for filing a grievance as outlined in the inmate handbook. A grievance dated July 12, 2022 (Dkt. No. 14-1, p. 6) again asks for the results of the investigation. This grievance does not bear a response.

Plaintiff asserts that Sheriff Jeff Neal failed to properly train his officers and that Neal delayed Plaintiff from pressing charges on the officer and the inmates. He says that Lt. Bennett also delayed him from pressing charges on the officer and the inmates, and that Bennett put his life in danger by labeling him as a child molester.

Similarly, Plaintiff contends that Warden Wilson delayed his grievances and delayed his opportunity to press charges. He claims that Captain Walker ignored his requests and grievances, thus delaying them. The grievance officer, Ms. Austin, also delayed the responses to his grievances.

Plaintiff says that Lt. Vonn was Massey's supervisor and was responsible for Massey's lack of training. He complains that Deputy Gibson, a sheriff's deputy, deliberately took from May 9 until July 1, 2022, to investigate the assault, and has yet to release any findings of the investigation.

On September 21, 2022, Plaintiff says that a female inmate asked Sgt. Pree why Plaintiff was in administrative segregation, and Pree told her "you don't want to know, he's hiding out, he got a

child molestation charge." Plaintiff says this shows a pattern of Bowie County officers "just saying anything, putting people's safety out there."

Plaintiff sues a nurse practitioner named Hillhouse, saying "her failure or say deliberate disregard from a medical doctor's request to schedule me to see an optometrist, causing pain and suffering still, because I've not seen one." He also sues Keystone Medical Clinic Central Office for "unnecessary delay and disregard to seeing a specialist as prescribed by medical doctor."

Plaintiff also sues the Bowie County Correctional Center because the officers were acting under color of state law when committing the offenses against him. Finally, he sues Steve Burton, Keith Clark, Brandon Harvel, Joshua Latham, Alan Owens, and S. Hodge, whom he identifies as the gang members who assaulted him.

## II. Discussion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied

>recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

Plaintiff complains that Officer Massey told an inmate gang leader that he, Plaintiff, was a child molester, resulting in Plaintiff being assaulted and beaten. This claim is sufficient to survive initial screening and requires further judicial proceedings. *See generally Schreane v. Beemon*, 575 F.App'x 486, 492 (5th Cir. 2014), *citing Adames v. Perez*, 331 F.3d 508, 515 (5th Cir. 2003) (labeling an inmate a "snitch" and thereby exposing him to physical assault may violate the Eighth Amendment).

Plaintiff asserts in a conclusory manner that Sheriff Jeff Neal failed to train his officers. In order to set out a failure to train or supervise claim, a plaintiff must plead facts showing that the supervisor either failed to supervise or train the subordinate official, a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and the failure to train or supervise amounted to deliberate indifference. *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 435 (5th Cir. 2008). A conclusory allegation of failure to train or supervise is not sufficient. *Silva v. Moses*, 542 F.App'x 308, 311 (5th Cir. 2013), citing *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

Plaintiff's allegation that Sheriff Neal failed to train his officers is wholly conclusory and provides no facts showing an actual failure to train, a causal link between and such failure and the violation of his rights, or that any such failure to train amounted to deliberate indifference. As such, this allegation fails to state a claim upon which relief may be granted.

Plaintiff also contends that Sheriff Neal "delayed him from pressing charges" against the officers and the inmates. There is no constitutional right to have someone else criminally prosecuted. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1991). Any purported delay thus did not implicate any constitutionally protected rights. This allegation fails to state a claim upon which relief may be granted.

Plaintiff next states that Lt. Bennett also delayed him from pressing charges on the officer and the inmates, and that Bennett put his life in danger by labeling him as a child molester. As noted above, the allegation of delay in pressing charges does not state a claim upon which relief may be granted. Regarding the labeling claim, it is not clear when the alleged labeling occurred; however, the Court has determined that this claim is sufficient to survive initial screening and requires further judicial proceedings. *Schreane*, 575 F.App'x at 492.

Plaintiff complains that Warden Wilson delayed his grievances and his opportunity to press charges. There is no protected liberty interest in the grievance procedure, including the processing of grievances as well as a satisfactory outcome. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Mahogany v. Miller*, 252 F.App'x 593, 595 (5th Cir. 2007). Nor did any delay in the opportunity to press criminal charges implicate any constitutional right. *Oliver*, 904 F.2d at 281. Plaintiff has failed to state a claim upon which relief may be granted against Warden Wilson.

Similarly, Plaintiff asserts that Captain Walker and grievance officer Austin delayed his grievances. These allegations fail to state a claim upon which relief may be granted. *Geiger*, 404 F.3d at 374.

Plaintiff complains that Lt. Vonn was responsible for Officer Massey's lack of training, but presents no facts showing an actual failure to train, a causal link between and such failure and the violation of his rights, or that any such failure to train amounted to deliberate indifference. This conclusory allegation fails to state a claim upon which relief may be granted. *Gates*, 537 F.3d at 435.

Next, Plaintiff complains that a sheriff's deputy named Gibson took almost two months to investigate the assault and has not released any findings of the investigation. He does not have a constitutional right to have a criminal investigation done in a particular time frame, nor to be informed of the results of any such investigation. *See Lefebure v. D'Aquilla,* 15 F.4th 650, 655 (5th Cir. 2021), cert. denied, 142 S. Ct. 2732, 212 L. Ed. 2d 791 (2022). This allegation fails to state a claim upon which relief may be granted.

Plaintiff says that in September of 2022, a female inmate asked Sgt. Pree why Plaintiff was in administrative segregation, and Pree told her that he had a child molestation charge. Plaintiff does not indicate how he knows the substance of this conversation. In any event, while the labeling of a prisoner as a child molester cold amount to deliberate indifference, as noted above, Plaintiff has failed to state a claim against Sgt. Pree because he does not indicate that he suffered any injury as a result of this incident. In *Castellano v. Treon*, 79 F.App'x 6, 7 (5th Cir. 2003), the plaintiff Andy Castellano contended that the defendant prison officials were deliberately indifferent to his safety when they effectively labeled him a snitch and failed to protect him against future harm by continually assigning him to units where it was known he was a snitch. In affirming the district court's dismissal of the lawsuit as frivolous, the Fifth Circuit construed the allegation as a failure to protect claim and stated that "Castellano's failure to protect claim fails because he concedes that he suffered no actual physical injury resulting from the prison officials' purported failure to protect. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Castellano's transfer to a different prison unit also rendered moot his claim for injunctive relief. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991)." Likewise, in *Walzier v. McMullin*, 333 F.App'x 848, 851(5th Cir. 2009), the plaintiff alleged that he was served contaminated food after he was labeled a snitch, but the evidence showed that he had no health problems related to the food he was served. The Fifth Circuit held that "absent a showing that other inmates harmed Walzier, there is no factual basis for a failure to protect claim."

As in *Castellano* and *Walzier*, Plaintiff did not allege that he suffered any harm as a result of Sgt. Pree's actions. Consequently, he has failed to state a claim upon which relief may be granted against Sgt. Pree.

Plaintiff's complaint against nurse practitioner Hillhouse says, in its entirety, that "her failure or say deliberate disregard from a medical doctor's request to schedule me to see an optometrist, causing pain and suffering still, because I've not seen one." His complaint against the Keystone

Medical Clinic Central Office says that he is suing for "unnecessary delay and disregard to seeing a specialist as prescribed by medical doctor."

In *Blank v. Eavenson*, 530 F.App'x 364, 369 (5th Cir. 2013), the plaintiff Travis Blank sued several defendants including Dr. Les Sandknop, the contractual primary care physician for the Rockwall County Jail. Blank contended that Dr. Sandknop removed him from medications for Crohn's disease and did not prescribe replacements, failed to conduct a full physical examination, failed to check him for intestinal swelling, and refused to refer him to a specialist. After a motion to dismiss was filed, the district court dismissed the claims against Dr. Sandknop for failure to state a claim.

On appeal, the Fifth Circuit held that Blank's allegations could amount to a negligence claim, but stated that the plaintiff "may not use § 1983 to assert deliberate indifference without stating even a single non-conclusory allegation of 'conscious disregard' of the applicable standard of care (as opposed to simple deviation - even gross deviation - from that standard.)" The Fifth Circuit thus upheld the dismissal of the claims against Dr. Sandknop.

In *Harris v. Kuplesky*, slip op. no. 13-598, 2013 U.S. Dist. LEXIS 183525 at *4 (W.D.La. 2013), *aff'd* 582 F.App'x 334 (5th Cir. 2014), the plaintiff Derek Harris sued a number of defendants at the Winn Correctional Center including a physician named Dr. Kuplesky. He complained that Dr. Kuplesky refused to reply to his correspondence and said that the doctor "failed to provide any treatment and follow-up care." The district court noted that Harris did not provide the court with a single date on which he requested medical care and was denied, nor did he refer to any sick call request or medical emergency which was ignored. The court stated that without any facts to support his conclusion that Dr. Kuplesky failed to provide any treatment, the claim against the physician must be dismissed. The Fifth Circuit agreed and affirmed the dismissal.

As in *Blank* and *Harris*, Plaintiff here has not set out any non-conclusory allegations of deliberate indifference against nurse practitioner Hillhouse or the Keystone Medical Clinic Central

Office, and has therefore failed to state a claim upon which relief may be granted against these defendants.

The Bowie County Correctional Center is a sub-unit of Bowie County and has no separate legal existence apart from the county. Consequently, the Bowie County Detention Center cannot be sued in its own name. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Crawford v. Collin County Detention Facility*, civil action no. 4:20cv668, 2022 U.S. Dist. LEXIS 172163, at *4-*5 (E.D. Tex., August 18, 2022), Report adopted at 2022 U.S. Dist. LEXIS 172150 (E.D. Tex., September 22, 2022) (stating that "the Eastern District of Texas and other federal courts in Texas have repeatedly and consistently held that a county's jail or detention facility is a non-jural entity which is not amenable to suit"); *Crawford v. Bowie County Detention Center*, civil action no. 5:22cv82, 2023 U.S. Dist. LEXIS 115071, at *1 (E.D.Tex., July 5, 2023) (Bowie County Detention Center cannot be sued in its own name). Plaintiff has failed to state a claim upon which relief may be granted against the Bowie County Detention Center.

Finally, Plaintiff sues the gang members who assaulted him. In order to set out a claim under 42 U.S.C. § 1983, the plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Pratt v. Harris County*, 822 F.3d 174, 180 (5th Cir. 2016). Plaintiff does not allege, nor does it appear, that the members of an inmate gang were acting under color of state law in assaulting him. He has failed to state a claim upon which relief may be granted against the members of the gang.

## RECOMMENDATION

It is accordingly recommended that all of the Plaintiff's claims except for his claims against Officer Massey and Lt. Bennett for putting him in danger by labeling him as a child molester be dismissed without prejudice for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 11th day of August, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE