IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| EVERICK MONK, | § |
| Plaintiff, | § § § § |
| v. | §  CASE NO. 5:22-CV-00098-RWS-JBB |
| OFFICER MASSEY, ET AL., | § § § |
| Defendant. | § |

## ORDER

Plaintiff Everick Monk, proceeding *pro se*, filed the captioned action complaining of alleged violations of his rights. Docket Nos. 1, 14. The case was referred to the United States Magistrate Judge in that accordance with 28 U.S.C. § 636. Before the Court are Plaintiff's objections to the Magistrate Judge's report and recommendations about Plaintiff's amended complaint. Docket No. 34. For the reasons discussed below, the report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court.

### BACKGROUND

Plaintiff was confined in the Bowie County Correctional Center. Docket No. 14 at 3. Plaintiff asserts that on May 9, 2022, Officer Massey told inmate Steve Burton, a gang member, that Plaintiff was in jail on child molestation charges. *Id.* at 4–5. Plaintiff was later assaulted by the gang. *Id.*

Plaintiff complains that Sheriff Neal failed to properly train his officers and delayed Plaintiff from pressing charges against Massey and the other inmates who attacked him. *Id.* at 3, 5. He states that Lieutenant Vonn was Massey's supervisor and was therefore responsible for Massey's lack of training. *Id.* Plaintiff also contends that Lieutenant Bennett also delayed him from

pressing charges against the inmates involved in the attack and that Bennett had put his life in danger by labeling him a child molester. *Id.* at 3.

Similarly, Plaintiff asserts that Warden Wilson delayed and ignored his grievances, affecting his opportunity to press charges and that Grievance Officer Austin delayed the responses to his grievances. *Id.* at 3–4. Likewise, he alleges Captain Walker unnecessarily delayed and ignored his requests and grievances related to the attack and had a lack of concern regarding Plaintiff's health and safety. *Id.* at 3. He also alleges Deputy Gibson deliberately took from May 9 to July 1, 2022, to investigate the attack and has not released the results of this investigation. *Id.* at 4. On September 21, 2022, Plaintiff complained that Sergeant Pree told a female inmate that Plaintiff was "hiding out" because he had a child molestation charge. *Id.*

Plaintiff stated that a nurse practitioner named Hillhouse[1] had not scheduled him to see an optometrist despite a doctor's request. *Id.* He also sues Keystone Medical Clinic Central Office for what he terms "unnecessary delay and disregard to seeing a[] specialist as prescribed by medical doctor." *Id.* Plaintiff sues the Bowie County Detention Center because the officers were acting under color of state law, and he sues the gang members whom he said assaulted him. *Id.* Plaintiff also lists the names of the gang members who attacked him: Burton, Keith Clark, Brandon Harvel, Joshua Latham, Alan Owens, and S. Hodge. *Id.*

After a review of the amended complaint, the Magistrate Judge issued a report recommending that all the claims except for those against Officer Massey and Lt. Bennett be dismissed. Docket No. 34. The Magistrate Judge's recommendation was based on his determination that Plaintiff's claims of failure to train were conclusory, there is no constitutional right to have someone else criminally prosecuted, he has no protected liberty interest in the grievance procedure, he did not show any harm from Pree's actions, his allegations against Hillhouse and the Keystone Medical Clinic did not set out a claim of deliberate indifference to his serious medical needs, the Bowie County Detention Center has no separate jural existence and

---

[1] Plaintiff also describes nurse practitioner Hillhouse as "Hill House."

cannot be sued in its own name, and that the gang members are not state actors and thus are not liable to suit under 42 U.S.C. § 1983. *Id.* at 4–9.

## DISCUSSION

### I.  Plaintiff's Objections

Plaintiff filed two sets of objections, out of time, concurrent with a motion for an extension of time to file a response to the report. Docket Nos. 39, 42, 43. Despite their untimeliness, the Court considers the objections presently before it. Docket Nos. 42, 43.

Plaintiff's objections first complain that he has not yet been appointed counsel. Docket No. 42 at 1.

Second, Plaintiff says that Judge Tidwell, presiding over his state criminal case, has been "a thorn in his side from start to finish." *Id.* at 2.[2] Plaintiff alleges Judge Tidwell once told Plaintiff's public defender that "he [the judge] and the District Attorney were gonna put [Plaintiff] under the jail." *Id.* He also complains that Judge Tidwell refused to grant or rule on an emergency motion about Plaintiff's life being in danger, despite having firsthand knowledge of Plaintiff's attack. *See generally id.* Plaintiff also asks that Judge Tidwell be reinstated as a defendant in his lawsuit because of his mismanagement of Plaintiff's criminal case. *Id.* at 3–7.[3]

Third, Plaintiff states that this Court has not ruled upon emergency motions which he filed and asserts that the Magistrate Judge has unduly delayed his civil case. *Id.* at 4–7.[4] Plaintiff also

---

[2] Plaintiff alleges he filed this case because Judge Tidwell was biased and that state court and other entities did not grant him assistance when he sought for Judge Tidwell to be recused from his state court case. *See e.g.*, Docket Nos. 42 at 4–6, 43 at 4–6.

[3] Plaintiff also filed separate motions that essentially ask for Judge Tidwell to be added back in as a defendant. Docket Nos. 44, 45.

[4] Plaintiff's first set of objections includes several exhibits including a letter to the supervisor of public defenders in Bowie County asking to reschedule his court date so he can get an attorney, a letter to Court of Appeals Justice Josh Morriss asking that Judge Tidwell recuse himself, a second

objects to the report because he did not consent to allow the Magistrate Judge to handle his case. Docket No. 43 at 1–2. He also complains that the Magistrate Judge has not ruled on his emergency motions. *Id.*

Plaintiff makes several additional objections that discuss Defendants' conduct, rather than the substance of the Magistrate Judge's report and recommendation. *Id*. at 6–11. Plaintiff states that he does not have copies of grievances he filed concerning the assault and so a hearing is necessary. Docket No. 43 at 6.[5] Plaintiff argues that the copies of the grievances and responses that he has submitted to the court are sufficient to support his allegations against the Defendants, including Judge Tidwell. *Id.* at 8. He complains that the jail staff, including Neal, Walker, Bennett, and Wilson, were not complying with the grievance policy. *Id.* at 7–8.

Plaintiff also objects to the report because he asserts that Sheriff Neal refused to send someone out to investigate the assault upon Plaintiff by the gang members until July, when Deputy Gibson came out and took his statement. Docket No. 42 at 3; *see also* Docket No. 43 at 9. Plaintiff also alleges Wilson deliberately delayed the investigation. Docket No. 43 at 9. Plaintiff asserts that Judge Tidwell and Neal conspired together and interfered with his case because both knew about the assault. *Id*. at 7–8. He states that Judge Tidwell had access to both the criminal and the civil case and that Neal delayed the investigation for two months, preventing him from being able to file criminal charges. *Id.* He also complains that Judge Tidwell held up his complaint for eight months. *Id.*

---

letter to Justice Morriss complaining that Morriss had the Clerk of Court send a copy of his letter to Judge Tidwell, and a letter addressed to the Texas Supreme Court complaining that he had not received any help. Docket Nos. 42-1–42-4.

[5] Plaintiff also appears to object to the substance of the Defendants' responses to his grievances, rather than the Magistrate Judge's report and recommendation. *Id.* at 6–7.

Plaintiff also maintains that Vonn, as acting supervisor, has a duty to ensure that the officers on his shift are abiding by policy rules. *Id.* at 7–8. Plaintiff also argues Warden Wilson is supposed to ensure that the rules are followed, as part of the officers' training. *Id.* at 8. Plaintiff argues that "to allow anything else to be taught or practiced or even exercised by his officers makes him apart [*sic*] of the problem unless corrected." *Id.* Plaintiff also asserts that there is evidence of a lack of training because both Massey and Pree told different inmates the same reason Plaintiff was in prison. *Id.* (noting this behavior "show[s] more than a coincidence, like it's acceptable and trained.").

Next, Plaintiff states that he is in fact alleging the events of the complaint arose at Turn Key Medical Service, not Keystone. *Id.* at 9. He says that he had an MRI on May 9, 2022, and the emergency room physician, Dr. Black, sent instructions to Hillhouse that Plaintiff should be seen by an optometrist. *Id.* However, she refused to schedule him for four months, until he finally saw a doctor—not an optometrist—in Tyler. *Id.* Plaintiff says that the Bowie County Detention Center is sued in its full capacity as well as its individual capacity and that Bowie County is responsible under state and federal law for furnishing a safe and suitable correctional center as well as adequate medical care. *Id.* at 9–10. Finally, Plaintiff says that he is charging the gang members with assault and battery as well as violating his Eighth and Fourteenth Amendment rights. *Id.* at 10.

**II.   Analysis**

First, Plaintiff's objection that he has not been appointed counsel is not relevant to the Magistrate Judge's report and recommendation. The Magistrate Judge issued a separate order denying Plaintiff's motion to appoint counsel, which Plaintiff did not object to per Rule 72(a). *See* Docket No. 32. While the objection before the Court does not show clear error in the Magistrate Judge's order denying counsel, the Court finds it unnecessary to address this issue because a

motion for reconsideration of the Magistrate Judge's order is currently pending. *See* Docket No. 41.

Second, Plaintiff devotes much of his objections to complaining about Judge Tidwell, the state district judge presiding over his criminal case, and asks that Judge Tidwell be listed as defendant in this lawsuit. *See* Docket Nos. 42–45. However, the doctrine of judicial immunity holds that judicial officers are absolutely immune from civil liability for acts performed in the exercise of their judicial function. *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *superseded on other grounds by statute as recognized in Peters v. Noonan*, 871 F. Supp. 2d 218, 226 (W.D.N.Y. 2012); *see also Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 539 (5th Cir. 2022). Judicial immunity does not apply where the judge is acting in a non-judicial capacity or in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12. Plaintiff's pleadings demonstrate that he wishes to sue Judge Tidwell for actions taken in his capacity as a judge, and he makes no showing that Judge Tidwell acted in the complete absence of all jurisdiction. Docket Nos. 42–45. Accordingly, his claims for monetary damages against Judge Tidwell are barred by judicial immunity. *See e.g.*, *Daves*, 22 F.4th at 539. Nor can Plaintiff seek injunctive relief against Judge Tidwell because injunctive relief against judicial officers may not be granted "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The facts alleged by Plaintiff do not make a plausible claim for injunctive relief because they do not support either of these circumstances. *See Machetta v. Moren*, 726 F.App'x 219, 220 (5th Cir. 2018). Because Plaintiff has no viable claims against Judge Tidwell, his request to reinstate his claims against the judge are without merit. *See* Docket Nos. 42–45.

Third, although Plaintiff complains that he did not consent to allow the Magistrate Judge to handle his case, the record shows that the case was referred to the Magistrate Judge for the

handling of pretrial proceedings in accordance with 28 U.S.C. § 636(b), which does not require the parties' consent. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). Plaintiff's objection to the Magistrate Judge's report on this basis is without merit.[6]

Finally, upon *de novo* review, Plaintiff's objections as to the other defendants are without merit. The Magistrate Judge correctly determined that Plaintiff has no constitutional right to have other persons (*e.g.*, the gang members who attacked him) criminally prosecuted for their alleged involvement in his assault. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Nor does Plaintiff have any "federally protected liberty interest" in the jail grievance procedure or in having his grievances or requests addressed to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). These objections are without merit. *See id.*; *see also Oliver*, 904 F.2d at 281.

Plaintiff also claims that Wilson and Vonn, as supervisors, are responsible for the actions of their subordinates. But supervisors are generally not vicariously liable under § 1983 under any theory of supervisory liability for any actions or omissions by their subordinates. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 420 (5th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*). Instead, a supervisor may be held liable if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in a constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446–48 (5th Cir. 2011); *see also Oliver*, 904 F.2d at 281. Plaintiff has not alleged any facts showing that Wilson or Vonn affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a

---

[6] Plaintiff's objections to the Magistrate Judge's report based on denial of emergency motions (Docket No. 30) and Plaintiff's pending emergency motion (Docket No. 40) are without merit because these objections are not tied to the substance of the Magistrate Judge's recommendations.

constitutional injury. *See Spiller v. City of Texas City, Texas Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to satisfy the "cause in fact requirement," the plaintiff must allege that " 'the custom or policy served as the moving force behind the [constitutional] violation' at issue or that his injuries resulted from the execution of the policy or custom. . . [t]he description of the policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts."). These objections are without merit.

The Magistrate Judge correctly concluded that Plaintiff's allegations of failure to train are conclusory and thus insufficient. The fact that two officers[7] on different occasions commented on Plaintiff's alleged offense does not show a failure to train violation. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 506 U.S. 973 (1992); *see also Spiller*, 130 F.3d at 167. This objection is without merit.

In addition, Plaintiff complains that an emergency room doctor ordered that he be seen by an optometrist, but he was not scheduled to be seen for four months, at which time he was sent to Tyler and seen by a doctor. Even if Hillhouse did not agree with the recommendation, this does not show deliberate indifference. *Cole v. Vannoy*, 741 F.App'x 240, 241 (5th Cir. 2018) (citing *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999)). Plaintiff offers nothing to suggest that the delay was the result of deliberate indifference by Hillhouse or Turn Key[8] rather than negligence or simply common and unavoidable delays in the scheduling of medical procedures. This objection is without merit.

---

[7] The Magistrate Judge also correctly found Plaintiff fails to allege harm arising from Pree's alleged statement to a female inmate. Docket No. 34 at 7; *see also Oliver*, 904 F.2d at 281.

[8] Plaintiff's objections clarify that the medical clinic defendant is named Turn Key, not Keystone. Docket No. 43 at 9. This objection does not address the substance of the Magistrate Judge's report.

Finally, the Magistrate Judge correctly determined that the Bowie County Correctional Center has no separate jural existence and cannot be sued in its own name. To the extent Plaintiff sought to sue Bowie County itself, a political subdivision such as Bowie County cannot be held liable unless the plaintiff shows "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Robinson v. Midland County, Texas*, 80 F.4th 704, 709–10 (5th Cir. 2023). For the reasons discussed above, his objections on this point are without merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the report of the Magistrate Judge is correct and Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's motion for extension of time to file response to report and recommendations (Docket No. 39) is **DENIED-AS-MOOT**. It is further

**ORDERED** that the report of the Magistrate Judge (Docket No. 34) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that all the Plaintiff's claims except for his claims against Massey and Bennett for placing him in danger by labeling him as a child molester are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. For the same reasons, it is further

**ORDERED** that Plaintiff's motion to add Judge Tidwell as a defendant (Docket No. 44) and Plaintiff's motion to correct an error (Docket No. 45) are **DENIED**.

The Clerk of Court is directed to terminate all Defendants other than Massey and Bennett.

**So ORDERED and SIGNED this 4th day of December, 2023.**


*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE